NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HEIDI HAUTALA,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1941

---

Petition for review of the Merit Systems Protection Board in No. PH-844E-21-0059-I-1.

---

Decided: May 21, 2025

---

HEIDI HAUTALA, Lakeville, MA, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, CHEN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Heidi Hautala petitions for review of the Merit System Protection Board's (Board) final decision. *See Hautala v. OPM,* No. PH-844E-21-0059-I-1, 2024 WL 1618889 (M.S.P.B. Apr. 12, 2024) (*Final Order*); *Hautala v. OPM,* No. PH-844E-21-0059-I-1, 2021 WL 2211520 (M.S.P.B. May 27, 2021) (*Initial Decision*). The Board affirmed the United States Office of Personnel Management's (OPM) denial of Ms. Hautala's application for disability retirement under the Federal Employees' Retirement System (FERS). *Final Order*, 2024 WL 1618889, at *1. For the reasons explained below, we *affirm*.

## BACKGROUND

Ms. Hautala was employed as a nurse at the United States Department of Veteran Affairs (VA) Medical Center in Brockton, Massachusetts, until she resigned effective March 1, 2020. While employed by the VA, she applied for FERS disability retirement benefits, claiming that she suffered from anxiety, depression, PTSD, and panic attacks. SAppx 214.[1]

In August 2020, OPM issued an initial decision denying Ms. Hautala's application, finding that the medical evidence she submitted did not establish that she met the criteria for disability retirement. SAppx 205–09. Ms. Hautala requested reconsideration and submitted additional medical documentation. SAppx 70–79. She explained that she "was the victim of a campaign of severe harassment and bullying from her supervisor" at the VA, which triggered "increased anxiety, panic attacks, emotional disturbance, and depression in May of 2016." *Id.* at 72. OPM issued a reconsideration decision upholding its initial

---

[1] "SAppx" refers to the supplemental appendix filed by OPM.

decision. SAppx 59–66. Ms. Hautala appealed OPM's reconsideration decision to the Board.

An administrative judge issued an initial decision affirming OPM's reconsideration decision. *Initial Decision*, 2021 WL 2211520, at 1.[2] The administrative judge explained that, to be eligible for disability retirement under FERS, an employee must show:

> (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a reasonable offer of reassignment to a vacant position.

*Id.* at 10; *see* 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a).

Applying this framework, the administrative judge found that Ms. Hautala failed to prove her entitlement to a disability annuity. *Initial Decision*, 2021 WL 2211520, at 11–12. The administrative judge also explained that an issue with Ms. Hautala's application is that the evidence "only proves she was unable to work as a nurse at the Brockton VA Medical Center," and that the "Board has affirmed the denial of disability claims, such as this one,

---

[2] Because the electronic version of the initial decision lacks page designations, we employ the pagination used in the decision at SAppx 16–36.

where the evidence shows an employee's health problems were caused by his or her reaction to a particular workplace." *Id.* Ms. Hautala then petitioned the Board for review of the administrative judge's initial decision.

The Board denied Ms. Hautala's petition for review and affirmed the initial decision, except for modifications made to supplement the administrative judge's analysis as to why Ms. Hautala failed to prove element (2) of the framework above. *Final Order*, 2024 WL 1618889, at \*1. Additionally, the Board agreed with the administrative judge's decision that Ms. Hautala's disabilities were situational, and that she failed to demonstrate "that she is unable to perform her duties in general." *Id.* at \*3–5.

Ms. Hautala now petitions this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of Board decisions is limited by statute. We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Our review is further restricted in cases involving FERS disability retirement benefits. *See* 5 U.S.C. § 8461(d) (providing that, except to the extent specified under subsection (e), OPM's decisions on questions of disability and dependency "are final and conclusive and are not subject to review").[3] In such cases, we may not review

---

[3] We have explained that § 8461(e)(2) provides an exception to this rule for certain disability matters initiated by an agency. *See Thurston v. OPM*, No. 2024-1519,

"OPM's factual findings and conclusions on disability." *Anthony v. OPM*, 58 F.3d 620, 624–25 (Fed. Cir. 1995). Instead, we may consider only "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Id.* at 626 (internal quotations marks omitted) (quoting *Lindahl v. OPM*, 470 U.S. 768, 791 (1985)).

Before us, Ms. Hautala primarily contends that the Board misapplied the facts by failing to properly weigh the evidence she offered in support of her claim. For example, she "challenges the [Board]'s finding that her disabilities were situational, as stated in [its] decision." Pet'r's Informal Opening Br. 4.[4] But we are prohibited from reviewing these "factual findings and conclusions" and therefore have no authority to disturb the Board's factual findings. *Anthony*, 58 F.3d at 625.

Ms. Hautala also argues that the Board denied her the opportunity to present new evidence that would support her disability claim. Pet'r's Informal Opening Br. 14. "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the [B]oard and its officials." *Curtin v. OPM*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). We "will not overturn the [B]oard on such matters unless an abuse of discretion is clear and is harmful." *Id.*

Ms. Hautala has failed to demonstrate that the Board abused its discretion of an "important procedural right." *See Anthony*, 58 F.3d at 626. After the close of the record

---

2024 WL 4797910, at *1 n.3 (Fed. Cir. Nov. 15, 2024); *Haynes v. OPM*, No. 2023-2310, 2024 WL 1561621, at *1 n.2 (Fed. Cir. Apr. 11, 2024). Because Ms. Hautala's application for disability retirement was made voluntarily, this exception does not apply.

4    We cite to the ECF page numbers.

on review, Ms. Hautala filed a motion for leave to submit additional evidence. SAppx 367–68. She claimed that she "came into possession of a decision that grants her Department of Veteran[s] Affairs' [b]enefits to permit her to seek additional schooling as she became unable to perform her past work in part due to her service-related disabilities." *Id.* at 368. The Board denied her motion, explaining that she had not shown how the evidence was material to her disability retirement claim, or that it was new or previously unavailable. *Final Order*, 2024 WL 1618889, at \*2 n.2. To the extent that Ms. Hautala is challenging that denial, she offers no basis to conclude that the Board abused its discretion.

## CONCLUSION

We have considered Ms. Hautala's other arguments but have identified no "procedural, legal, or other fundamental error," *Anthony*, 58 F.3d at 626, that would support setting aside the Board's final decision. Accordingly, we *affirm*.

## AFFIRMED

## COSTS

No costs.